[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT AS TO COUNTS 1, 3 AND 4
This is a motion for summary judgment filed by defendants as to three counts of a four count complaint in which plaintiff claims a wrongful termination of his employment by defendants and nonpayment of accrued unused vacation and sick leave. It should be noted that this case is already assigned for court trial and that permission was not granted to file the motion as required by Practice Book § 17-44. Although plaintiff objects to summary judgment, plaintiff did not raise lack of permission as a grounds, and the court will address the motion on its merits.
After hearing the arguments and reviewing the pleadings, briefs, documents and affidavits, the court finds that there are genuine issues of material fact which should be heard at trial. The trial should not be delayed further by these proceedings, since factual determinations must CT Page 14566 be made in order to decide the legal issues raised by defendants' motion.
With respect to the First Count, defendants claim a that a handwritten resignation letter in which plaintiff agrees to resign in consideration of severance pay, defeats plaintiff's claim for wrongful termination. Plaintiff claims that his resignation was forced and the document does not specifically release his claims against defendants for wrongful termination and unpaid, accrued wages. These claims raise issues of fact as to the enforceability and scope of the alleged agreement, which cannot be decided by summary judgment.
Next, as to Counts Three and Four, the individual defendants claim any liability each may have for unpaid wages is barred by the statute of limitations since this action was commenced more than two years after plaintiff's alleged discharge. Defendants cite Connecticut General Statute § 52-596 which provides: "No action for payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues, except that this limitation shall be tolled upon the filing with the labor commissioner of a complaint of failure to pay wages pursuant to the provisions of Chapter 558." Although defendants concede that plaintiff did file such a complaint with the labor commissioner as to the corporate defendant, the individual defendants claim the statute of limitations was not tolled as to claims against them individually. Here, however, plaintiff has sued the individual defendants as employers under Connecticut General Statute § 31-72, which would make them personally liable. In Butler v.Hartford Technical Institute, 243 Conn. 454 (1997), the court held that an individual principal of the corporation may be personally liable for nonpayment of an employee's wages as an employer if the individual possesses the ultimate authority within the corporation to set the hours of employment and to pay wages and is the specific cause of the wage violation. Again, this requires a finding of fact as to the individual defendants' status as employers, which would toll the statute of limitations. Accordingly, this issue is not appropriate for summary judgment and may be raised at trial. The motion for summary judgment is denied. Connecticut Practice Book § 17-49.
The Court
Sequino, J.